UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDALL WOODRUFF,

    Plaintiff/Counterclaim Defendant,

v.                                                            CASE NO: 8:09-cv-1507-T-26TBM

UNITED STATES OF AMERICA,

    Defendant/Counterclaimant/
    Third-Party Plaintiff,

BRIAN BRIJBAG,

    Third-Party Defendant.
_____/

**O R D E R**

Before the Court is the United States of America's Motion for Summary Judgment Against Brian Brijbag on the Third-Party Complaint, together with attachments to the motion. (Dkt. 17). The Third-Party Defendant, Brian Brijbag *pro se*, has failed to file a response or any submissions. After careful consideration of the motion, the applicable law, and the entire file, the Court concludes that the motion should be granted.

**PERTINENT FACTS**

This case involves the tax liability, specifically regarding withholding taxes for social security and income known as "trust fund taxes," of a corporation, Alpha Omega Management, Inc. (AOM). AOM was formed by Third-Party Defendant Brian Brijbag in

late 2002. AOM was a health care management business that Brijbag formed after he had purchased a share of a medical center in Inverness, Florida. AOM provided orthopedic and physical therapy services under Dr. Vydialinga Raghavan.

Brijbag served as the president, chief executive officer, chief operating officer, director, and shareholder of AOM until late 2005 when AOM ceased to operate. His duties always included signing checks and directing the distribution of funds. Beginning in 2003, through 2005, Brijbag was responsible for collecting and paying employment taxes for employees of AOM. (Dkt. 17, Exh. 4, answer to interrogatory #7). Initially, AOM used a payroll company to pay its employees, withhold taxes, file tax returns, and pay taxes. By late 2003, cash flow problems surfaced, however, and Brijbag stopped using the payroll company. Brijbag then hired Plaintiff Randall Woodruff, a certified public accountant, to perform "accounting functions" for AOM. By 2004, Woodruff was writing the payroll checks to employees and checks to creditors. Woodruff never possessed any authority or control over AOM's finances. No tax returns for AOM were filed and no federal tax obligations were paid after the initial payroll company was halted. By the end of 2005, AOM was indebted to the Internal Revenue Service (the IRS) for unpaid payroll taxes for the four quarters in 2004 and the first three calendar quarters in 2005.

Meanwhile in 2003, AOM opened a second office in Brooksville, which was followed by the opening of a third office in Brooksville in 2004. With the opening of the

third office, a second physician, Dr. Ayra Moti, was hired. In January 2005, AOM began operating as Trinity Healthcare Management (THM), which assumed the liabilities of AOM, including payroll and bill payments. AOM transferred money to bank accounts in the name of THM. Both Brijbag and Woodruff were managers and members of THM and both were authorized signers of bank accounts in the name of THM. AOM was eventually dissolved in 2005.

On July 13, 2006, the IRS determined that Plaintiff Woodruff was a responsible person of AOM and that he willfully failed to collect, account for, or pay the payroll taxes of AOM. The IRS assessed the Trust Fund Recovery Penalty against Woodruff in the amount of $239,699.00. On November 25, 2008, Woodruff paid $500 of the Trust Fund Recover Penalty, and on November 17, 2008, the IRS applied Woodruff's overpaid taxes for the tax year 2007 in the amount of $6,708.33 to the Trust Fund Recovery Penalty. The IRS levied on Woodruff's bank account on November 21, 2008, seizing $3,417.00, which was applied to the Trust Fund Recovery Penalty. Finally, on November 26, 2008, Woodruff filed a claim for refund of everything. On July 29, 2009, the IRS denied his claim for refund, and on August 6, 2009, Woodruff filed this action seeking the refund from the IRS.

On October 19, 2009, the government answered and counterclaimed for the outstanding balance of $214,804.55 for AOM's trust fund portion of the unpaid federal employment taxes due and owing as of October 20, 2009. (Dkt. 7). Thereafter, on

October 28, 2009, the government filed a third-party complaint against Brian Brijbag, to which he filed an answer and defenses. (Dkts. 9 & 14). Brijbag does not dispute the IRS's assessment of the trust fund penalties against him as a responsible officer of AOM. (Dkt. 17, Exh. 4, answer to interrogatory #13). This motion for summary judgment followed. (Dkt. 17).

## ANALYSIS

The government seeks to prove that Brian Brijbag was both responsible for the collection and payment of AOM's trust fund taxes and that he willfully failed to ensure payment when he paid other creditors at the time the taxes remained unpaid. The Internal Revenue Code requires that the employer deduct and withhold income and social security taxes from wages paid to its employees. 26 U.S.C. §§ 3102(a), 3402(a). The Code further provides that the withheld taxes must be held in a special trust by the employer for the benefit of the United States, the "trust fund taxes." 26 U.S.C. §7501. The trust fund taxes may not be used to pay the employer's business expenses, including salaries. 26 U.S.C. §§3102(b), 3403, 7501(a). These trust fund taxes have been dubbed "a tempting source of ready cash to a failing corporation beleaguered by creditors." Slodov v. United States, 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978).

To avoid revenue losses to the government, liability attaches for the total amount of the tax evaded, to the person or persons who (1) were responsible for ensuring that the trust fund taxes were collected, accounted for, or paid over to the United States and (2)

willfully failed to discharge that duty. 26 U.S.C. §6672(a). "Once an individual is established as a 'responsible person,' the burden shifts to the individual to disprove willfulness." Malloy v. United States, 17 F.3d 329, 331 (11th Cir. 1994).

*Responsible Person*

Brian Brijbag admits that he was responsible for collecting and paying AOM's trust fund taxes for the four quarters of 2004 and the four quarters of 2005. He admits that the trust fund taxes were properly calculated and assessed against him. Additionally, the certificates of assessments and payments are presumptive proof of the validity of those assessments. (Dkt. 17, Exh. 5). See United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir.), cert. denied, 493 U.S. 975 (1989).

Not only did Brian Brijbag admit that he was a responsible person, the undisputed facts establish that he met the test for a responsible person. A person need not be the "most" responsible person, and a person cannot escape being "responsible" by delegating the responsibility to another. See Walker v. United States, Internal Revenue Serv., 2009 WL 1241929, *17 (N.D. Ga. Feb. 29, 2009) (citing Barnett v. Internal Revenue Serv., 988 F.2d 1449, 1455 (5th Cir. 1993)). In the Eleventh Circuit, indicia of responsibility include the holding of a corporate office, the ownership of stock, the holding of an entrepreneurial stake in the corporation, control over financial affairs, the authority to write checks and disburse corporate funds, the running of the day-to-day operations of the corporation, and the ability to hire and fire personnel. See Williams v. United States, 931

F.2d 805, 810 (11th Cir. 1991); George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987).

In this case, Brijbag held several corporate offices such as president, chief operating office, and chief executive officer of AOM, as well as director and shareholder. Brijbag embodied AOM. Brijbag managed the day-to-day operations of AOM, and he had the ability to hire and fire personnel. Brijbag's authority and control over AOM's finances make him a "responsible person" charged with the collecting and payment of the trust fund taxes.

*Willfulness*

Brijbag, as a responsible person, must now show that he did not willfully fail to pay AOM's employment taxes, or suffer liability. See Thibodeau v. United States, 828 F.2d 1499, 1505-06 (11th Cir. 1987). "Willfully" means "a voluntary, conscious, and intentional act, such as the payment of other creditors in preference to the United States." Brown v. United States, 591 F.2d 1136, 1140 (5th Cir. 1979).[1] The responsible person acts willfully if he does not use his authority to make sure the funds are deposited and paid to the government rather than permitting the tax money to be paid to other creditors. Smith v. United States, 894 F.2d 1549, 1553 (11th Cir. 1990).

---

[1] In Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to "the close of business on" September 30, 1981.

The evidence shows that Brijbag was aware of AOM's tax obligations when in late 2003 he terminated the initial payroll company that he had hired that year. His reason for stopping the payroll service was based on AOM's inability to afford to pay the taxes as they came due. Brijbag chose to pay other creditors, rather than the government, to keep the doors of AOM open, despite his knowledge of the growing tax debt. Brijbag even expanded his business by opening a third office in Brooksville. By using the trust fund taxes to develop and expand his business, Brijbag acted "willfully" in failing to fulfil his duties. Thibodeau, 828 F.2d at 1505 (citing Mazo v. United States, 591 F.2d 1151, 1157 (5th Cir. 1979) (holding that evidence that the responsible person had knowledge of payments to creditors after he was aware of the failure to pay trust fund taxes is sufficient for summary judgment on issue of willfulness).

It is therefore **ORDERED AND ADJUDGED** that United States of America's Motion for Summary Judgment Against Brian Brijbag (Dkt. 17) is **GRANTED.** The clerk is directed to enter partial final judgment on the Third-Party Complaint in favor of the United States and against Brian Brijbag in the amount of $257,492.15, plus interest, less any payments or credits made subsequent to July 30, 2010.

**DONE AND ORDERED** at Tampa, Florida, on August 27, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>: Counsel of Record